IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 23-146 |
| v. | U.S. District Judge J. Nicholas Ranjan |
| KRYSTAL MARTINEZ-Di PIPPA | |

**MOTION FOR BILL OF PARTICULARS**

Defendant Krystal Martinez-Di Pippa, through her attorney, Michael Ovens, files this Motion for Bill of Particulars, and in support of that motion submits the following:

1. On June 28, 2023, the government filed an indictment against Ms. Martinez-Di Pippa charging her with violations of the Civil Disorder statute, 18 U.S.C. § 2 and 231(a)(3), and Conspiracy, 18 U.S.C. § 371. ECF 3.

2. The government filed an indictment memorandum the same day, wherein it laid out the elements of each offense. ECF 4.

3. Neither the indictment or the indictment memorandum sufficiently states the government's accusation as to the necessary element of interstate commerce, the element which would confer jurisdiction on the United States government to prosecute this offense[1]. Ms. Martinez-Di Pippa now moves for a bill of particulars on this point.

---

[1] Ms. Martinez-Di Pippa also raises challenges to the constitutionality of 18 U.S.C. § 231(a)(3) ("the Civil Disorder Statute") in another motion. While Ms. Martinez-Di

## Legal Principles

Federal Rule of Criminal Procedure 7(f) gives a court the authority to direct the filing of a bill of particulars by the government. A "legally sufficient indictment must state the elements of the offense charged with sufficient clarity to apprise the defendant of what he must defend against and accurately record the crime for which the individual may be convicted or acquitted to avoid a second jeopardy of the same offense. *United States v. Inryco, Inc.*, 642 F.2d 290, 294 (9th Cir. 1981) (citing to *Russell v. United States*, 369 U.S. 749 (1962). The purpose of a bill of particulars is to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017). It may not be sought to obtain detailed disclosure of the government's evidence. *Id*. If the information exists elsewhere, a defendant is not entitled to a bill. *Id*.

"[T]he bill of particulars is designed to fill any gap between the facts disclosed by the indictment and that 'set of facts' which will permit [an individual] the opportunity of preparation. What constitutes this 'set of facts' in a given case, however, is a somewhat elusive concept." *United States v. Manetti*, 323 F.Supp. 683, 696 (D.Del. 1971). It is something different than the minimum required for an

---

Pippa does not concede the constitutionality of the statute, this bill of particulars is sought to properly defend against this element of the offense.

indictment, otherwise there would be no reason for a bill of particulars. *Id*. It is less than civil discovery. *Id*.

## Argument

A bill of particulars is necessary in this case to allow Ms. Martinez-Di Pippa to defend against the civil disorder charge filed against her. The indictment as currently written includes the bare information necessary to meet the requirements of F.R.Crim.P. 7. Of particular concern in preparing a defense is the interaction of the civil disorder and interstate commerce elements. The statute requires an effect on interstate commerce done by a group of people, of which the defendant may or may not have been a participant. Request is made for information regarding the alleged effect on interstate commerce. With this information, Ms. Martinez-Di Pippa would be properly informed of the nature of this particular aspect of the charges against her, and danger of unfair surprise as to this important, though somewhat elusive element, would be dispelled.

WHEREFORE, Ms. Martinez-Di Pippa requests this Court grant the within motion and require the government to file a bill of particulars as to the interstate commerce element in this case.

Respectfully submitted:

*/S/ Michael Ovens*
Michael Ovens, Esq.
PA ID No. 317994
The Law Office of Michael Ovens
220 Grant Street, Suite 302
Pittsburgh, PA 15219
P: 412-368-3445 // F: 412-219-5268
mike@ovenslaw.com