

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                                    *412/644-3500*

July 23, 2024

Michael Ovens, Esquire
The Law Office of Michael Ovens
220 Grant Street, Suite 302
Pittsburgh, PA 15219

Re:   United States of America v.
      Krystal DiPippa
      Criminal No. 23-146

Dear Mr. Ovens:

This letter sets forth the agreement by which your client, Krystal DiPippa, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Krystal DiPippa and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Krystal DiPippa will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

      A.    The defendant, Krystal DiPippa, agrees to the following:

            1.    The defendant will enter a plea of guilty to Count Two of the Indictment at Criminal No. 23-146, charging her with violating 18 U.S.C. § 231(a)(3), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**

2. The defendant acknowledges her responsibility for the conduct charged in Count One of the Indictment and stipulates that the conduct charged in that Count may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3. The defendant will pay mandatory restitution under 18 U.S.C. §§ 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct.

    The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

    Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets and financial status, and that of the defendant's household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to the defendant.

4. The defendant will immediately notify the Court and the United States Attorney of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

5. At the time Krystal DiPippa enters her plea of guilty, the defendant will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

6. Krystal DiPippa waives the right to take a direct appeal from her conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Krystal DiPippa may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Krystal DiPippa may take a direct appeal from the sentence.

  Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

  Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

 7. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

 B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

  1. After the imposition of sentence and pursuant to Rule 11(c)(1)(A), the United States Attorney will move to dismiss Count One of the Indictment at Criminal No. 23-146, without prejudice to its reinstatement if, at any time, Krystal DiPippa is permitted to withdraw her plea of guilty. In that event, Krystal DiPippa waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

  2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Krystal DiPippa in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

  3. Prior to sentencing, the United States Attorney will, orally or in writing, recommend that, pursuant to § 3B1.2 of the Sentencing Guidelines, the Court reduce the offense level by two levels on the ground that the

   defendant played a minor role in the offense. This recommendation is not binding on the Court.

4.  The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

5.  The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.  Krystal DiPippa and the United States Attorney further understand and agree to the following:

1.  The penalties that may be imposed upon Krystal DiPippa as to Count Two are as follows:

 (a)  A term of imprisonment of not more than five (5) years;

 (b)  A fine of not more than $250,000;

 (c)  A term of supervised release of not more than three (3) years;

 (d)  A special assessment under 18 U.S.C. § 3013 of $100;

 (e)  Mandatory restitution under 18 U.S.C. §§ 3663A and 3664; and

 (f)  Any or all of the above.

2.  The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

3.  Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of probation of three (3) years to include a term of community service for at least one (1) year, a special assessment of $100, and restitution in an amount to be determined by the Court. This sentence will be a downward variance from the applicable Guideline range calculated based on the offense to which defendant Krystal DiPippa is pleading guilty. The parties stipulate that this sentence is an appropriate sentence under 18 U.S.C. § 3553(a), given the level of defendant Krystal DiPippa's culpability compared to the culpability of codefendant Brian DiPippa and the expected sentence to be imposed on codefendant Brian DiPippa. This agreement is part of a "package deal" involving both

Page 5

        defendants in this case. See United States v. Hodge, 412 F.3d 479, 491 (3d Cir. 2005).

4. Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw her guilty plea.

        Defendant agrees that the defendant will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

5. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Krystal DiPippa acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

6. This agreement does not preclude the government from pursuing any civil or administrative remedies against Krystal DiPippa or the defendant's property.

7. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

        Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

8. The parties agree that, although a charge is to be dismissed pursuant to this agreement, Krystal DiPippa is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). Krystal DiPippa waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

Page 6

9.  Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Krystal DiPippa and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

ERIC G. OLSHAN
United States Attorney

SHAUN E. SWEENEY
Assistant United States Attorney

I have received this letter from my attorney, Michael Ovens, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

KRYSTAL DIPIPPA

8.21.2024
Date

Witnessed by:

MICHAEL OVENS, ESQUIRE
Counsel for Krystal DiPippa