## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) ) ) | 2:23-cr-146 |
| BRIAN DIPIPPA; and KRYSTAL DIPIPPA, | ) ) ) ) | |
| Defendants. | ) ) ) | |

### PRESENTENCE ORDER

**AND NOW**, this **10th** day of **September, 2024**, the Court **HEREBY ORDERS** that the Probation Office shall prepare presentence investigation reports for each Defendant. In accordance with LCrR 32(C), the following deadlines shall apply:

1. **Response to Information Establishing Prior Conviction.** If the government has filed any information establishing prior conviction as to either Defendant, the Defendant shall file a response to the Information to Establish Prior Conviction filed by the United States by **September 24, 2024**. Pursuant to 21 U.S.C. § 851(b) and (c), the response must state: (1) whether Defendant affirms or denies the allegations of the information of prior convictions and/or whether he or she claims that any convictions alleged are invalid; and (2) the basis for any denials or challenges. The Court hereby informs Defendants that any challenge to a prior conviction that is not made before the sentence is imposed may not later be raised to attack the sentence.

2. **Draft Presentence Report**. The Probation Office shall disclose drafts of its presentence investigations report to the respective parties by **October 29, 2024**.

3. **Administrative Resolution**. Following disclosure of the presentence investigation reports, the parties shall confer with the Probation

Office and, pursuant to LCrR32(C)(2), complete the administrative resolution of any disputes by **November 5, 2024**.

4. **Disclosure of Presentence Report to the Court**. The Probation Office shall disclose the final presentence reports to the Court and the respective parties by **November 13, 2024**.

5. **Objections; Positions of the Parties**. The parties shall file written position statements with respect to sentencing factors, in accordance with LCrR 32(C)(4), Fed R. Crim. P. 32(f), and U.S.S.G. § 6A1.2(b), by **November 19, 2024**. Each party's position statement must include the meet and confer certification required by LCrR32(C)(4).

6. **Responses to Objections and Positions**. Any party may file a response to the opposing party's position with respect to sentencing factors by **November 26, 2024**.

7. **Actions on Objections; Addendum**. The Probation Office shall file any necessary addenda to its presentence reports by **December 3, 2024**.

8. **Restitution and Victim Impact Materials.** The Probation Office shall e-mail any restitution requests, restitution agreements, and victim impact statements to the courtroom deputy by **December 3, 2024**.

9. **Motions for Departure**. All motions for upward or downward departure shall be filed by **December 10, 2024**. Any motion for departure, including any motion per U.S.S.G. § 5K1.1, shall specify the requested number of levels that the Court should depart from the guidelines (*i.e.*, the party should state a specific number of levels for departure). The motion shall also specify the bases for the departure.

10. **Sentencing Memoranda and Supplemental Information**. The parties shall file sentencing memoranda and any other supplemental

information with respect to sentencing by **December 10, 2024**.  Any responses to sentencing memoranda or other filings are due by **December 17, 2024**.

    **11.**    **Content of Sentencing Memoranda.**  The parties are free to bring any relevant matters to the Court's attention in their sentencing briefs, and structure their briefs in a manner that they believe to be most helpful or persuasive.  To provide some guidance to the parties, the Court provides some general instructions and information regarding the parties' sentencing memoranda:

- **Information supporting any factual stipulations.**  If the parties have stipulated to certain facts, such as drug quantity or restitution, it is helpful to provide the basis for these stipulations.  For example, a summary of the evidence that forms the basis for a drug-quantity stipulation is helpful, as is an accounting or calculation as to any stipulated amounts of restitution.

- **Relative culpability.**  In cases involving multiple defendants, information or argument as to different defendants' respective roles and culpability is helpful for the Court in assessing sentencing disparities.

- **General deterrence.**  For any crimes where general deterrence is of particular importance, specific support for consideration of that factor is helpful.

- **Departure motions.**  A motion for a departure should be made in accordance with the deadline noted above, and not be made for the first time in a sentencing brief.  A departure motion is different than a request for a variance.  Requests for variances can and should be addressed in the briefs.

- **Specific sentencing requests.**  The Court is not offended if either side advocates for specific kinds or lengths of sentences in their briefs, or at the sentencing hearing.

- **Boilerplate briefs.**  There isn't a need to submit "boilerplate" sentencing briefs that summarily go through the Section 3553 factors. So, if there is nothing important to emphasize in the sentencing briefs, counsel should feel free to say as much, or indicate that the application of the Section 3553 factors is straightforward and will be addressed at the sentencing hearing.

12.    **Sentencing Hearing**.  Sentencing as to each Defendant is set for **January 6, 2025** at **2:00 p.m.** in Courtroom 6C, 6th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.  Continuances of this date will not be granted absent a showing of good cause.

BY THE COURT:

_/s/ J. Nicholas Ranjan_____
United States District Judge